## WOLF v. FOGARTY.

A certificate of acknowledgment of a deed in the words "Before me, etc., personally appeared, A B C, to be the individual described in, and who executed, etc.," is bad, and the record of the conveyance on such a certificate imparts no notice to third parties.

The evident omission in the certificate, might as well be supplied by the words "claiming," or "representing," as by "known" or "proved." There is no averment that the party making the acknowledgment is the person who executed it, upon the personal knowledge of the officer.

APPEAL from the District Court of the Twelfth Judicial District.

This was a bill to foreclose a mortgage made to plaintiff by Constant A. Duprey.  William Fogarty is made a defendant as claiming a lien on the property.

On trial, Fogarty offered in evidence a mortgage made to him in 1854, and recorded May 23d, 1854, while plaintiff's mortgage was executed and recorded April 9th, 1855.  The plaintiff objected to its introduction, on the ground of its defective certificate of acknowledgment, which objection was sustained by the Court, on the ground that the record of the mortgage imparted no notice to plaintiff.  The certificate is copied in full in the opinion of the Court.

Decree was entered for plaintiff against all the defendants.  Defendant Fogarty appealed.

*Hoge & Wilson* for Appellant.

*Haights* for Respondent.

The opinion of the Court was delivered by Mr. Justice TERRY.  Mr. Chief Justice MURRAY concurred.

The only question presented by the record, is as to the sufficiency of a certificate of acknowledgment to a certain mortgage given by one Duprey to defendant Fogarty.  The certificate is as follows:

"On this 12th day of May, 1854, before me, a notary public in and for the County of San Francisco, personally appeared Constant A. Duprey, to be the individual described in, and who executed the foregoing instrument, and the said Constant A. Duprey acknowledged that he executed the same voluntarily and for the purposes therein mentioned.

Witness my hand and official seal.

(Seal.)                    JAS. W. FINDLAY, Notary Public."

Under our statute, the acknowledgment or proof of execution is a necessary part of the conveyance, without which it cannot be admitted to record, so as to operate as notice to third parties. (Sec. 1 of Act concerning conveyances, Comp. Laws, p. 513.)

Section six of said Act provides, that "No acknowledgment of any conveyance whereby any real estate is conveyed, or may be affected, shall be taken, unless the person offering to make such acknowledgment shall be personally known to the officer taking the same to be the person whose name is subscribed to such conveyance, as a party thereto, or shall be proven to be such, by the oath or affirmation of a credible witness."

Section seven, requires that the knowledge or proof of identity shall be stated in the certificate of acknowledgment.

The importance and necessity of this strictness in regard to conveyances is obvious.  The certificate under consideration does not comply with the statute, inasmuch as it does not state that the person making the acknowledgment was either known to the notary or proven to be the person whose name was signed to the conveyance.

It is contended that the certificate substantially complies with the law, as it contains a positive averment, that the party making the acknowledgment was the party whose name was subscribed to the conveyance, and this averment must be construed to be upon the personal knowledge of the officer.  According to our understanding of the language, the certificate does not contain such a statement; the words are, "personally appeared Constant A. Duprey to be the person, etc.;" there is evidently an omission in the certificate, which may be supplied as well by *claiming* or *representing* himself, as by *known* or *proved*.

We think the record of a conveyance, with a certificate so defective, is not notice of title to third parties.

Judgment affirmed.