## HENDERSON v. GREWELL.

Acknowledgments to a deed should show that the officer knew the person, and that such person acknowledged to him that he executed the deed.

Parties having the title, and the present right of possession, can always enter peaceably into the possession of premises, and cannot be held liable for so doing, in trespass or ejectment.   If he uses force, the remedy is by forcible entry and detainer.

The plaintiff having entered into possession under S. M. H., and in subordination to his title, cannot question S. M. H.'s right to execute the mortgage or agreement, which conferred the right of re-entry upon defendant.

APPEAL from the District Court of the Third Judicial District, County of Santa Clara.

This was an action of ejectment brought by the plaintiff, W. L. Henderson, to secure the possession of a tract of land in Santa Clara county.   The evidence shows, that one Samuel Henderson, in November, 1852, purchased the land in controversy of the defendant; that the purchase was made principally upon credit; that at the time of said purchase, he was put in the possession of the land by Grewell, the defendant; that when he went into the possession thereof, his brother, the plaintiff, went with him, and resided on said land, with the understanding that the two should work the land on joint account; that shortly after they thus were in possession, Samuel Henderson abandoned the place, in June, 1853, and went into a different part of the state to reside; that plaintiff remained in full possession of the premises until June, 1855, when he was ejected by defendant; that when Samuel Henderson left the land, he, without the knowledge of plaintiff, attempted to execute a mortgage on the land to Grewell, to secure the unpaid purchase-money, which was as follows:

This indenture, made the fourth day of January, 1854, between Jacob Grewell of the first part, and Samuel M. Henderson of the second part, witnesseth: That the said party of the first part, for, and in consideration of, the sum of twenty-five hundred dollars to him in hand paid, the receipt whereof is hereby acknowledged, hath bargained, sold, and confirmed, and by these presents doth bargain, sell, and confirm, unto the said party of the second part, and to his heirs and assigns for ever, all that certain tract of land situate and bounded as follows, to wit: On the north, by Dr. Bascom's claim, on the east by Mr. Edwin Knapp's claim,

38

on the south by Austin's claim, on the west by Asa Grewell's claim:

To have and to hold the above-bargained premises to the said party of the second part, his heirs and assigns, to the sole and only proper use, benefit, and behoof of the said party of the second part, his heirs and assigns, for ever.

Provided, always, and these presents are upon the express condition, that, if the said party of the second part pay to the said party of the first part the just and full sum of twenty-five hundred dollars, on or before the first day of May, which will be in the year A. D. 1854, with lawful interest until paid, according to the condition of two several notes, bearing even date herewith, executed by the party of the second part to the party of the first part, then these presents and the said notes shall cease and be null and void.

But in case of the non-payment of the said sum of twenty-five hundred dollars, or any part thereof, so to become due at the time or times above limited for the payment thereof, then, in every such case, it shall and may be lawful for the said party of the first part, his heirs, executors, administrators, or assigns; and the said party of the second part doth hereby empower and authorize the said party of the first part, his heirs, executors, administrators, or assigns, to enter and possess the aforesaid premises, with the appurtenances thereunto belonging.

Made and subscribed in the State of California and county of Santa Clara, on the fourth day of January, A. D. eighteen hundred and fifty-four.

In witness, I hereunto affix my hand and seal.

SAMUEL M. HENDERSON. [L. S.]

STATE OF CALIFORNIA, }
    County of Santa Clara. }

. Be it remembered, that on this fourth day of January, A. D. 1854, personally appeared before me, the undersigned, a Notara Publick within and for the County and State aforesaid, Samuel M. Henderson, personally known to me to be the identical person whose name is subscribed to the foregoing instrument of wrighting, and acknowledged the same to be his signature, and that he executed the same for matters and things therein contained.

Given under my hand and seal the day and year above written, "turn over for the name."

CASWELL DAVIS, Notara Publick.

Filed for record at 5½ o'clock, P. M., January 4, 1854, and recorded in Book B of Mortgages, pages 169 and 170.

S. A. CLARK, Recorder.
By F. LEWIS, Deputy.

Afterwards, on the second of November, 1854, Grewell commenced an action against Samuel Henderson, in the District Court, to foreclose this pretended mortgage. The plaintiff was not a party to this suit. The summons therein was served by by publication, and on the twenty-seventh of April, 1855, judgment was had by default, and a decree rendered for the sale of the land, and that the sheriff should put the purchaser into possession. From this judgment Samuel Henderson appealed to this Court, and while said appeal was pending, the sheriff, under the decree, sold the land to defendant, and put him into possession by ousting plaintiff. This was prior to the expiration of the six months allowed for redemption.

The judgment in the case of Grewell v. Henderson, was afterwards reversed by this Court, on the ground that the publication of notice was insufficient.

On the trial of this cause the defendant introduced in evidence the judgment-roll and proceedings in the case of Grewell v. Henderson, which embraced the instrument or mortgage, and relied upon both the decree in that case and the instrument in writing, to justify his re-entry upon the premises, and his ouster of plaintiff. The Court, among others, gave the following instruction to the jury, under the exception of defendant's counsel :

"That the instrument read in evidence, purporting to be a mortgage, was not in law a mortgage; and that it was not properly acknowledged; and that, although recorded, it was insufficient to impart notice to the plaintiffs of its contents."

The jury found a verdict for plaintiff. Defendant then moved for a new trial, which being granted, plaintiff took this appeal from the order granting the new trial.

*H. M. Voorhies* for Appellant.

*W. T. Wallace*, for Respondent.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This was an action of ejectment. There are several questions raised in the case, but the decision of one or two points will render any notice of the others unnecessary.

The first question regards the sufficiency of the certificate of the notary, wherein he states that Samuel M. Henderson was "known to him to be the identical person whose name is subscribed to the foregoing instrument of writing, and acknowledged the same to be his signature, and that he executed the same for matters and things therein contained."

It is well settled that the exact form of the certificate given

in the statute need not be followed. All that is necessary, is a substantial compliance with the statute.

The seventh section provides, that the certificate shall "state the fact of acknowledgment, and that the person making the same, was personally known to the officer granting the certificate, to be the person whose name is subscribed to the conveyance as a party thereto, or was proved to be such," etc.

Under the provisions of this section, there are two essential facts that must be stated in the certificate :

1. The fact of acknowledgment.

2. The identity of the person.

The fact of acknowledgment must be stated. Bryan v. Ramirez and others, October, 1857. The identity of the party must be stated. Kelsey v. Dunlap, January, 1857. The word "personally" need not be inserted, because not found in the statutory form. Welch v. Sullivan, October, 1857. The form given in the statute is sufficient, but not essential, so the requisites stated in the fifth and seventh sections are contained in the certificate. The words "described in, and who executed" are not essential. 2 Cowen, 567. The seventh section does not require them to be inserted. The certificate in this case sufficiently states the identity of the party. The fact of acknowledgment is also sufficiently stated. It is true that it does not state that the party acknowledged that he executed the instrument "freely and voluntarily," but this is not essential, and the voluntary execution of the instrument must be presumed, from the fact that he acknowledged that he "executed the same."

The instrument, then, being properly acknowledged and recorded, was notice to all parties concerned. And whether a mortgage or not, it gave the defendant, Grewell, the right of re-entry upon the failure of Samuel M. Henderson to pay the notes. The plaintiff having entered under Samuel M. Henderson, and in subordination to his title, cannot question his right to execute the instrument. If Grewell had the right to re-enter upon the possession of Samuel M. Henderson, he had equally the right to re-enter upon the possession of the plaintiff. The party who has the title, and the present right of possession, can always *peaceably* enter into possession of the premises, and cannot be held liable for so doing, on trespass or ejectment. If he uses *force*, he will be liable to the remedy of forcible entry and detainer.

In the case of Grewell v. Henderson, 1857, we expressed the opinion that the instrument was not a mortgage. It was not necessary then to decide that point, as the decision rested upon another ground. Neither is it necessary, in this case, to decide whether the instrument was a mortgage or not.

The Court did not err in granting a new trial, and the judgment is affirmed.