[No. 899.]

## P. W. JOHNSON AND E. REINHART, APPELLANTS, v. BADGER MILL AND MINING COMPANY ET AL., RESPONDENTS.

ACKNOWLEDGMENT, FORM OF.—The law does not require that the exact form of the certificate given in the statute shall be followed. A substantial compliance therewith is sufficient.

IDEM—OMISSION OF WORD "BE."—The omission of the word "be" in the sentence "H. G. Rollins to the president of the Badger mill and mining company:" *Held*, to be a clerical error that should be disregarded; that the certificate when read entire sufficiently identifies Rollins as the person who signed and acknowledged the instrument.

IDEM—ACTUAL KNOWLEDGE OF DEED.—A defective acknowledgment cannot be taken advantage of by parties having actual knowledge of the existence of the deed or mortgage.

FORECLOSURE OF MORTGAGE—LIEN CLAIMANTS—DECREE.—In a suit to foreclose a mortgage where the lien claimants are made parties to the suit, the court should determine, in its decree, the relative rights of the plaintiff and the several lien claimants.

APPEAL from the District Court of the Fourth Judicial District, Humboldt County.

The facts are sufficiently stated in the opinion.

*Lewis & Deal*, for Appellants.

I. The plaintiff had the right to have the *status* of the several liens determined in this action.

II. The court erred in holding that actual notice by the lien-holders of the existence of plaintiff's mortgage was not sufficient. (2 Hill on Real Prop. [4 ed.], 676; 3 Washburne on Real Prop. 282 *et seq.;* Stat. 1875, 122.)

III. There was no defect in the acknowledgment. An acknowledgment should be liberally construed. (2 Hill on Real Prop. [4 ed.], 678; 8 Wallace, 526–28 *et seq.;* 68 Ill. 426.)

*Geo. P. Harding*, for Respondents.

I. Nothing will be presumed in favor of an acknowledgment. (U. S. Digest, 1876, 246, sec. 34.) The acknowledgment in this case is radically defective. (*Wolf* v. *Fogarty*,

6 Cal. 224; *Kelsey* v. *Dunlap*, 7 Id. 162; *Fogarty* v. *Finley*, 10 Id. 239; Proffatt on Notaries, pp. 28, 31, sec. 29–32; Comp. L. Nev. sec. 234–46.)

II. The offer set out in the bill of exceptions to prove actual notice of the existence of the mortgage is too vague. If the notice was after work and labor done and material furnished, the proof of it would have been immaterial. The presumption, therefore, is that the offer was properly refused. (*Morris* v. *McCoy*, 7 Nev. 399; 17 Tex. 62, 245; *Sessions* v. *Reynolds*, 7 S. & M. 130; *Fowler* v. *Lee*, 4 Munf. 373.)

By the Court, HAWLEY, C. J.:

The plaintiffs obtained a decree for the foreclosure of a mortgage against the property of the defendant, the Badger mill and mining company. They appealed from the judgment and claim that the court erred in refusing to admit their mortgage in evidence, as against certain lien-holders, who were made parties defendants in order that their rights might be heard and determined in this action; and that, under the issues raised by the pleadings, it was the duty of the court to determine the *status* of the several liens held by the respective parties. The mortgage in question was executed by H. G. Rollins, president, and O. H. Spencer, secretary, of the Badger mill and mining company.

The certificate of acknowledgment, which was objected to as insufficient, reads as follows: "State of California, city and county of San Francisco, ss. On this sixth day of October, A. D., 1875, before me, A. S. Gould, a commissioner of deeds for the state of Nevada, duly appointed, commissioned and sworn, residing in said city and county, personally appeared H. G. Rollins, known to me to the president of the Badger mill and mining company, and O. H. Spencer, known to me to be the secretary of the Badger mill and mining company, the corporation that executed the foregoing instrument, and acknowledged to me that said corporation executed the same freely and voluntarily for the uses and purposes therein mentioned, and affixed thereto the corporate seal of said corporation," etc.

Under the laws of this state it is essential that the certificate should show the fact of the acknowledgement and the identity of the person. (1 Comp. Laws, 235; *Henderson* v. *Grewell*, 8 Cal. 581.)

The form of the certificate is, in several respects, irregular. The law, however, does not require that the exact form of the certificate given in the statute shall be followed. All that is necessary is a substantial compliance with the statute. (*Morse et al.* v. *Clayton*, 13 Smedes & Marshall, 381; *Chandler* v. *Spears*, 22 Vt. 407; *Troup* v. *Haight*, 1 Hopk. Ch. 244; *West Point Iron Company* v. *Reymert*, 45 N. Y. 706; *Scharfenburg* v. *Bishop*, 35 Iowa, 60; *Calumet and Chicago Canal and Dock Company* v. *Russell*, 68 Ills. 426; *Deery* v. *Cray*, 5 Wal. 807; *Carpenter* v. *Dexter*, 8 Wal. 526.)

The only objection urged by the respondents, and the only one that we shall consider, is as to the identity of the person. It is claimed that the certificate is defective in failing to state that Rollins was known to the commissioner to be the president of the corporation, or, in other words, to *be* the person described in and who executed the mortgage. We are of opinion that it is apparent on the face of the certificate that the omission complained of is of the word "be," and that it is a clerical error.

This case is not analogous to that of *Wolf* v. *Fogarty*, 6 Cal. 224, and other cases, where the omission was of the word "known." Such an omission in the certificate has usually been held fatal, because it partakes of the substance required by the statute. (Proffatt on Notaries, sec. 32, and authorities there cited.) In *Wolf* v. *Fogarty* it was said that the omission might as well be supplied "by claiming or representing himself, as by known or proved."

In *Tully* v. *Davis* the court said it was "in fact as easy to fill the blank so as to make the certificate and acknowledgment void, as to so fill it as to make them good." (30 Ills. 108.)

But in the present case, when the entire certificate is considered, it is manifest that the omission of the word "be" is a mere clerical error and ought to be disregarded. In our opinion, no other sensible interpretation can be given to

the certificate. No blank space is left in the certificate to be filled up. The commissioner uses the same words with reference to the secretary as the president with the addition of the word "be" properly inserted. We think the certificate is sufficient to identify Rollins as the person who signed the mortgage as president of the Badger mill and mining company.

In *Scharfenburg* v. *Bishop, supra,* the word "appeared" was omitted and the court held that the omission "was manifestly a mere clerical error."

In *Chandler* v. *Spear, supra,* in the body of the deed one of the grantors was described as Richard G. Bailey, and the deed was signed R. G. Bailey. The certificate stated that "Oliver Hale and Daniel Brown, Richard G. personally appeared and acknowledged this instrument, by them sealed and subscribed," etc. The court said: "Although the náme 'Bailey' is omitted in the acknowledgment, yet the statement that Richard G., who executed the instrument, acknowledged it, does, we think, render it sufficiently certain that it was acknowledged by Richard G. Bailey, the grantor."

In *Calumet and Chicago Canal and Dock Co.* v. *Russell, supra,* the acknowledgment was of a married woman, and under the laws of Illinois it was essential that the contents and meaning of the instrument should be explained to her. The certificate used the words "the contents and meaning of my husband." The supreme court said that the certificate must be regarded in a common sense view; all its parts must be taken together and a meaning given to it which it is qualified to bear. The court, after discussing the question at great length, and reviewing numerous authorities, came to the conclusion that the case showed "to the satisfaction of the most inexperienced, on taking the entire certificate into consideration, that the contents of the deed were made known to her," and held the certificate to be sufficient to impart notice."

The conclusions almost universally arrived at, in the various cases we have examined, is that as long as the substance is preserved mere technical objections will not be

favored. In *Morse* v. *Clayton, supra,* the court say: "These certificates should be liberally construed; that it is neither the duty nor the inclination of courts, where substance is found, to jeopardize titles in any way depending upon them, by severe criticisms, upon their language."

Equally clear and emphatic is the language of the supreme court of the United States in *Carpenter* v. *Dexter:* "In aid of the certificate reference may be had to the instrument itself, or to any part of it. It is the policy of the law to uphold certificates when substance is found, and not to suffer conveyances, or the proof of them, to be defeated by technical or unsubstantial objections."

From the views already expressed it is unnecessary to determine whether the offer of plaintiffs to prove actual knowledge upon the part of the several lien claimants of the existence of the mortgage was sufficiently explicit to show that the court erred in refusing to allow the evidence.

The rule is certainly well settled that a defective acknowledgment cannot be taken advantage of by parties having actual knowledge of the existence of the deed or mortgage. (3 Hilliard on Real Property, 676, sec. 36 and authorities there cited.)

The decree of foreclosure against the Badger mill and mining company is correct as far as it goes, and is affirmed; but it was the duty of the court, in this action, to proceed and determine the relative rights of plaintiffs and the lien claimants, and to decide whether the lien of plaintiff's mortgage was prior to, or subsequent to, the other liens, and to enter such a judgment and decree in that respect as the evidence might warrant.

The action of the court in refusing to adjudicate that question amounted to a judgment of dismissal, without prejudice, in favor of the lien claimants, and was erroneous.

The cause is therefore remanded for further proceedings.

LEONARD, J., having been of counsel in the court below, did not participate in the foregoing decision.