March 18, 1863.

# SUPREME COURT—IN BANCO.

## APRIL TERM—1863.

### ABENELA *vs.* KAILIKOLE.

THE plaintiff, in ejectment, claiming a piece of land, as the adopted son of the former owner, who died in 1848, failing to prove the legality of the adoption, according to Section 3d, Chapter 1st, Part 4th, and Article 3d, Chapter 2d, Part 5th, Statutes of 1846, judgment was entered in favor of the defendant.

The following was the decision of the full Court:

This is an action of ejectment, brought by the plaintiff, to recover possession of a piece of land, situated in Kalihi, near Honolulu, and known as the Ili of Haunapo.

By consent of the parties, the case was tried by the Court, without the intervention of a jury.

The land in question, which has been in the possession of the defendant for a number of years, is claimed by the plaintiff, as the·alleged adopted son of Kaailauhala and Laumaka, the former owners of the land.

Upon examination of the case, we deem it unnecessary to advert to any other question than that of the plaintiff's alleged adoption, as that seems under the circumstances to be decisive of the whole case.

It appears that the plaintiff, who is the son of Kapule, a brother of Kaailauhala, lived with Kaailauhala and his wife Laumaka, in Honolulu, for several years previous to their death, which occurred in the year 1848. They having no child of their own, were desirous of adopting the plaintiff. Accordingly, some of the witnesses testify in substance, that a written agreement of adoption was prepared, and signed by Kapule, Kaailauhala and Laumaka in the presence of Mr. Kaaukai, a magistrate. This agreement has not been produced, but, the weight of evidence, in our opinion, places the date of the transaction at some time during the year 1847, and after Kaailauhala had become ill of the disease which terminated his life, in the month of February, 1848.

It appears, then, that the signing of the agreement took place at a time which subjects the transaction to the provisions of the Statutes of 1846. The Act to organize the executive departments was passed on the 27th April, 1846, and promulgated on the 20th June following. Part 4th of said Act took effect on the 20th September, 1846, including the following provision touching the adoption of children, in Section 3d, Chapter 1st: "It shall be competent to parents to consent, in writing, and in presence of a judge, to the adoption of their children, by any suitable third party ; but, in that case, the terms of the adoption must be definitively stipulated in the agreement, and must not be a beneficial consideration to the parents, but to the child, satisfactory to the judicial officer acknowledging the adoption. All such acts of adoption shall be recorded by a Notary Public, as in and by the Fifth Part of this Act provided." Upon turning to Chapter 2d, Article 3d, of Part Fifth, of said Act, which took effect on the 20th of August, 1846, we find the following provision :

"SECTION 12. It shall be incumbent on all adopters of children, pursuant to the fourth part of this Act, within thirty days after such adoption, to transmit the written act and terms of such adoption, attested by some judicial officer of the Kingdom, to the said principal Notary Public, at Honolulu, to be by him enregistered at the expense of the adopter—in default of which such act of adoption shall be void and of no effect." ·

The Legislature having made it necessary, and we think wisely so, that all agreements of adoption which are of great importance, as affecting rights in property, should be ·made in writing, and duly recorded; and as no compliance with this requirement has been shown in the present case, the plaintiff cannot prevail in this action, in the absence of the· necessary legal evidence of his having been adopted; as alleged, by Kaailauhala and Laumaka.

We, therefore, order that judgment be entered in favor of defendant, as of the last day of the April Term.

D. L. Gregg, for the plaintiff.

C. C. Harris, for the defendant.