C. J. CABELL *et al.*, Respondents, *v.* JAMES GRUBBS *et al.*, Appellants.

1. *Attachment, general judgment in — Fieri facias not absolutely void.* — The attachment act of 1825 (R. S. 1825, p. 144 *et seq.*) contemplated a general judgment in attachment suits. But under its provisions, the attached property alone was to be taken on execution. However, a general *fieri facias* on such a judgment would not be absolutely void. It would furnish the sheriff with sufficient authority to levy it upon the property attached.

2. *Execution sale — Where execution is regular on its face, purchaser cannot be affected, unless the execution is rendered void by the irregularities.* — Every reasonable intendment should be made in support of the rights of a purchaser at an execution sale. Where an execution is regular on its face, he cannot be injuriously affected by any irregularities in the proceedings which resulted in the sale, unless they were of a character to render the proceedings wholly void. He certainly cannot in any collateral proceeding.

3. *Conveyances — Acknowledgment, defective, what.* — A certificate of acknowledgment which omits the word "acknowledged," and contains no word or words expressive of an equivalent idea, is fatally defective.

## *Appeal from Chariton Circuit Court.*

*Chas. A. Winslow*, for appellants.

I. The sheriff's deed in this case was made under the statute of 1825, under which the recitals in the deeds were not evidence of a judgment and execution, and persons relying on such deeds must produce valid judgments and executions to sustain them. (R. S. 1825, tit. Executions ; McCormick v. Fitzmorris, 39 Mo. 24.)

II. The judgment produced to sustain the deed in the case is void. It is a general judgment rendered on an order of publication alone against a non-resident defendant, and, as such, is absolutely void and does not sustain the deed. (Smith v. Ross & Strong, 7 Mo. 463 ; Janney v. Spedden *et al.*, 38 Mo. 395 ; Smith v. McCutchen, 38 Mo. 415 ; Abbott v. Sheppard, 44 Mo. 273 ; R. S. 1825, p. 149, § 13.) It cannot be sustained under the attachment law of 1825. It is a judgment *in personam* when it should have been *in rem*, and is therefore fatally defective. (R. S. 1825, pp. 147–8, § 7; Clark v. Halliday, 9 Mo. 711 ; Johnson *et al.* v. Holley, 27 Mo 594 ; Latimer v. Union Pacific R.R., 43 Mo. 105 ; Fithian v. Monks *et al.*, 43 Mo. 520.)

III. The sheriff's deed conveys no title, because it nowhere appears that the land sold and conveyed by the deed was the land originally attached in the suit which resulted in the judgment produced. Unless this was the fact, the sheriff had no authority to levy the execution upon it; the court could make no decree that would bind it, and there would be a total failure of jurisdiction and power in the premises. This fact being essential to the jurisdiction of the court and the execution of the power, should appear affirmatively either on the face of the record or by evidence *aliunde*, and the *onus* is on the purchaser all the time. (Blackw. Tax. Tit. 51–2; Young v. Lorain, 11 Ill. 636; Thatcher v. Powell, 6 Wheat. 119; Denning v. Corwin, 11 Wend. 648; Sharp v. Speir, 4 Hill, N. Y., 86; Cook v. Hacklemann *et al.*, 45 Mo. 317; Gibbons v. Steamboat Barker, 40 Mo. 253; Stierlin v. Daly, 37 Mo. 483; Ruby v. Huntsman, 32 Mo. 501; Shaffner v. St. Louis, 31 Mo. 264; Farrar *et al.* v. Dean, 24 Mo. 16; Reeds v. Morton, 9 Mo. 287; Crook v. Peebly, 8 Mo. 344; Morton v. Reeds, 6 Mo. 64; Lind v. Clemens, 44 Mo. 540; Leslie v. St. Louis, 47 Mo. 474; Maupin *et al.* v. Emmons *et al.*, 47 Mo. 304, and cases under second point; Durrossett's Adm'r v. Hale, 38 Mo. 346.)

IV. The deed is defectively acknowledged (Laughlin v. Stone, 5 Mo. 43; Stanton v. Button, 2 Conn. 527; Hayden v. Wescott, 11 Conn. 129; Jacoway v. Gault, 20 Ark. 190; Tully v. Davis, 30 Ill. 103; Alexander v. Merry, 9 Mo. 514), and is therefore equivalent to not being acknowledged at all, and hence conveys no title. (Moreau v. Detchemendy, 18 Mo. 522; Moreau v. Branham, 27 Mo. 351; Allin v. Moss, 27 Mo. 354; Ryan v. Carr, 46 Mo. 483.)

*Prewitt*, for respondents.

I. The statute did not require a special judgment, but a judgment as in other cases.

II. The acknowledgment of the sheriff's deed is sufficient. The statute does not require any particular words to be used. The recitals therein identify the deed on which it is indorsed. (Crowley v. Walker, 12 Mo. 143; Scruggs v. Scruggs, 41 Mo. 242;

Alexander v. Merry, 9 Mo. 251.) If the certificate imports that it is acknowledged, that is enough; and this cannot import anything else. Every one reading it knows that it was acknowledged by the sheriff. (Alexander v. Merry, 8 Mo. 514; Jackson v. Gilchrist, 15 Johns. 89; 2 Cow. 552; 5 Wend. 561; 24 Wend. 87; 19 N. Y. 279.)

CURRIER, Judge, delivered the opinion of the court

This is an ejectment suit, and the plaintiff's title rests upon a sheriff's deed executed in pursuance of an execution sale held in March, 1830. It is objected that the judgment and execution under which the sale was had were invalid. The judgment was rendered in an attachment suit, the defendant in the attachment not appearing. It was general and *in personam*. The execution followed the judgment, and was of like character. It described no property and pointed to no attachment. These proceedings were had under the attachment act of 1825 (R. S. 1825, p. 144 *et seq.*), and must be judged by that enactment. The act referred to provides (§ 7) that judgments upon constructive notice in attachment cases, where the defendant makes default, shall be entered as in " other cases" for the amount found to be due. It was, however, further provided in the same section that such judgment should " bind only the property attached," and that no execution thereon should be issued against any other property; and further, that the judgment should be no evidence of debt in any subsequent suit. The fourteenth section of the act provided that the execution should be levied upon the property taken upon the attachment.

It is thus seen that the statute contemplates a general judgment in attachment suits as in " other cases," but that the judgment was nevertheless limited in its effect to the attached property. That alone was to be taken in execution. The judgment in question, therefore, does not seem to be objectionable either in form or substance. But the execution was an ordinary *fieri facias*, following the judgment but not the law, since the law forbade its issue against any other property than that attached. Still the error in the execution did not render it absolutely void.

It furnished sufficient authority to the sheriff to levy it upon the attached property, as pointed out and directed by the statute.

The defendants, however, object that it does not appear that the property levied upon and sold by the sheriff was the same property which was taken upon the writ of attachment. This is an objection to the levy, and not to the execution or to the judgment. The execution upon its face showed authority in the officer to make the levy and sale. Are we to presume, in the absence of evidence, that the execution was levied upon the wrong property — that is, upon property not attached? It seems to me not. Every reasonable intendment should be made in support of the rights of the purchaser at the execution sale. The execution was regular upon its face, and the purchaser looked to that. He cannot be injuriously affected by any irregularities in the proceedings which resulted in the sale, unless they were of a character to render the proceedings wholly void — mere nullities; at least not in this collateral way. (Draper v. Bryson, 17 Mo. 71.) The defendants' suggestion is that the sale might have been of property not attached, in which case it would be void. But it does not appear that the sale was of other property than that attached; and that it was so is not to be presumed in the absence of evidence showing the fact, and especially where the presumption would prejudice the rights of a *bona fide* purchaser. The numerous tax cases referred to have no application here.

But the deed is further objected to as unacknowledged, and this objection seems to be well founded. The acknowledgment was essential, and the proof of it is wanting. The sheriff appeared before the court, apparently for the purpose of acknowledging the deed, but that he did so does not appear. The paper read in evidence as the certificate of acknowledgment fails to show what was done, beyond the fact that the sheriff appeared before the court. The certificate not only omits the word " acknowledged," but contains no word or words expressive of any equivalent idea. To hold this acknowledgment good, would be equivalent to holding a sheriff's deed good without an acknowledgment. The omission may have been the merest inadvertence, but it is an omission which the court cannot supply. It consti-

tuted the vital part of the acknowledgment, and no rational liberality of construction can cure the defect. In a word, the certificate contains nothing on the point in question to construe. The decided cases sustain these views. In Connecticut it is held, where the certificate was, "Personally appeared A. B., signer of the above instrument, to be his free act and deed," etc., that the words imparted no acknowledgment, and that the omission could not be supplied by intendment or construction. (Stanton v. Button, 2 Conn. 527.) The decision in Hayden v. Wescott, 11 Crum. 129, and in Tully v. Davis, 30 Ill. 103, are to the same effect. The decisions in this State (12 Mo. 143 ; 9 Mo. 510 ; 41 Mo. 242), referred to by plaintiffs' counsel, are far from sustaining the views he advocates. The acknowledgment in the case at bar was manifestly bad, and the deed should have been excluded. But the court admitted it and rendered judgment for the plaintiff, and the judgment must be reversed and the case remanded. The other judges concur.