F. T. LENEHAN *et al.*, Assignees, *vs.* W. S. AKANA *et al.*

IN EQUITY.   BEFORE JUDD, C.J.

DECEMBER, 1884.

A chattel mortgage of a trader's stock held to be in fraud of creditors and set aside: the mortgagee having reasonable cause to believe that the mortgagor was insolvent.

The acknowledgment of a chattel mortgage being defective, for failure of the notary public to attach his seal and comply with the statutory forms: held, it was not entitled to be recorded, and the recording of it must be treated as a nullity.

DECISION OF JUDD, C.J.

The plaintiffs are assignees of Lee Chat, a bankrupt.

On the 27th of March, 1883, Chang Yau, a small trader in Hilo, after having heard that Lee Chat, to whom he owed a considerable sum of money, had absconded the Kingdom, made a chattel mortgage of all his stock of dry goods, provisions, etc., "and all other goods, wares and merchandise now in my store on Front street, town of Hilo," to W. S. Akana and Acho, to secure four promissory notes in favor of Akana amounting to $800, and one in favor of Acho of $500. The notes and mortgages were made payable on demand, and payment of them all was demanded the next day, March 28th. Possession of the goods in the store was taken by Akana a few days later, and they were sold at auction about a month later, the sale realizing about $1400. Judgment was also confessed on these notes by defendant Chang Yau, in the Police Court of Honolulu.

The bill prays *inter alia* that the mortgage may be adjudged fraudulent and void as against the plaintiffs. It is in evidence that Chang Yau, some six or seven months previous, desiring to open a store in Hilo, borrowed $50 of Akana (whose wife was his cousin) to pay for his retail license, and a month later Akana advanced him $300 as capital. About this time Ah Yau came to Honolulu and bought goods of Lee Chat and had them

marked in Akana's name. There is some testimony to the effect that Akana guaranteed or became surety for this account, but I am not at liberty to consider it, for in an action tried in this Court to hold Akana thus liable, it was decided adversely to this position, and it is *res adjudicata*. Lee Chat continued to send goods as ordered to Chang Yau, and received occasional remittances. After Lee Chat absconded, his assignees in bankruptcy recovered a judgment against Chang Yau for $2600, and it is still unsatisfied. Meanwhile Akana's wife loaned Chang Yau $300, and Akana paid a bill of $150 for lumber used in fitting up the store.

The amount of $500 for which Chang Yau gave his note to Acho one day before the mortgage was made, need not be considered, as Acho was not served with process, being absent in China.

I think it is clear from the evidence in the case that Akana had reasonable cause to believe that Chang Yau was insolvent when he took the mortgage upon his stock-in-trade. Loo Ngawk testifies that Akana admitted to him that he knew that Chang Yau owed Lee Chat over $2000. Having married his cousin and allowing him to have his goods sent in his name, and advancing him money for his license and for fitting up his store, it cannot be supposed that in a small town where the business was under his daily observation, he could have been ignorant of the condition of Chang Yau's business. His haste in getting a mortgage executed, made by its terms payable on demand, after he heard that Lee Chat had absconded, leaving large indebtedness, and knowing that prompt measures would be taken by Lee Chat's creditors to collect all available assets, his haste in taking possession, closing the store and selling the goods, are to my mind all *indicia* of fraud. He certainly knew that the money he advanced to pay for license and for fitting up the store was not invested in the goods he seized, and which realized at an auction sale more than his whole debt, and that Chang Yau was without capital except as he supplied it, and that the stock of goods was procured on credit, and that the

short time (a few months) in which he was in business had not sufficed to enable Chang Yau to pay his Honolulu creditor. from his profits. I cannot consider him as a *bona fide* purchaser protected by the statute.

I pass now to another point made by the complainants. The certificate of acknowledgment to the mortgage is as follows:

"Hilo, Hawaii,
"Hawaiian Isles. } s. s.

"On this 27th day of March, A. D., 1883, personally appeared before me ————, known to me, who acknowledged that he executed the foregoing instrument freely and voluntarily, and for the uses and purposes therein set forth.

"Given under my hand and seal,

"D. H. HITCHCOCK,
"Notary Public."

The seal of the notary is not affixed to the instrument. This certificate does not comply with the form prescribed by the Act of 1872 in that it omits the substantial part: that the person acknowledging the instrument was known to the officer to be the person described in and who executed the instrument. But this form applies only to instruments affecting real estate: see Compiled Laws, p. 407: and this is a mortgage of chattels. But Section 1255 of the Civil Code prescribes that "to entitle any conveyance or other instrument to be recorded, it shall be acknowledged by the party or parties executing the same," before the Registrar of Conveyances, or his agent, or some Judge of a Court of Record, or notary public, etc., etc. The certificate does not set forth who came before the notary. It is not an acknowledgment of the party executing the instrument and does not comply with the law, and therefore the instrument was not entitled to be recorded. A chattel mortgage must be recorded in order to its validity. Section 1263 Civil Code. *Ellis vs. White*, 3 Hawn., 205.

There is a wide distinction between the effect of the record of mortgages of chattel property and one of real estate. The record of the former is essential to its validity; the record of the

latter operates as notice to subsequent purchasers or mortgagees, and has no effect upon the validity of the instrument, for if actual notice of a prior mortgage can be proved, it is as effectual as recording would be, and in such cases the spreading upon the record of a mortgage of real estate, though by reason of its informality not entitled to record, has been held to be notice to creditors and purchasers.

I think that as the mortgage in question was not properly acknowledged it was not entitled to be recorded, and though spread upon the record it must be treated as a nullity so far as the plaintiffs are concerned.

But Chang Yau's estate must be treated as if he were a bankrupt. The defendant Akana has a valid claim against Chang Yau for $800. He is entitled to a dividend on this amount from the funds realized from the sale of Chang Yau's assets, less amount of Acho's claim. As to the rest Akana is adjudged to hold it in. trust for the plaintiffs. That is to say, the fund realized from the sale was, say _____$1400.00
Deduct Acho's note, say _____ 500.00
                                                                                                    $ 900.00

Akana's claim is, say $800.

Plaintiff's claim is, say $2600.

The amount of $900 is to be distributed to these creditors *pro rata.*

Decree accordingly.

*C. W. Ashford,* for plaintiff.

*W. R. Castle,* for respondents.

Honolulu, December 11th, 1884.