HARRIET BLACK *et al. vs.* S. N. CASTLE *et als.*

SUBMISSION WITHOUT ACTION.

APRIL TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

An agreement was entered into between one C., as adopting parent, and H.. D., widow, mother of plaintiff D. H. D. inter-married with one M., and C. and H. D. afterwards acknowledged the execution of the agreement before the Chief Justice. H. D. was divorced and afterwards inter-married with the plaintiff J. H. B. At the time of the execution of the agreement C. was a married man, and his wife was not made a party. The agreement was not recorded as required by Section 1263 of the Civil Code. C. had taken out a life policy for $1000 payable to his "surviving children."

Held, that the agreement was invalid, not having been recorded during the lifetime of C., and that the plaintiff was not entitled to the insurance money as one of the surviving children of C.

OPINION OF THE COURT, BY PRESTON, J.

This is a submission under Sections 1140, 1141, 1142 and 1143 of the Civil Code.

The submission states that on the sixteenth day of June, 1883, an agreement was made and signed by C. W. Clark as adopting parent, and Harriet Dwight, widow, the mother of the plaintiff

18

J. G. Dwight. That on the 13th of July, 1883, the said Harriet Dwight inter-married with one Alexander McGregor, and that during such coverture she acknowledged the execution of the said agreement before the Chief Justice, and was afterwards divorced, and married the plaintiff J. H. Black. That at the time of the execution of the said agreement, and up to the time of his death, the said C. W. Clark was a married man, and his wife was not made a party to the said agreement. That on the fourth day of June, 1867, the said C. W. Clark took out a life policy in "The New England Mutual Insurance Company" for one thousand dollars payable to his "surviving children." That the said C. W. Clark died on the twenty-fourth day of October, 1887, leaving a will, devising and bequeathing all his estate to his wife, and naming her as executrix, and that said will had been admitted to probate. That the sum of $1000 payable under the said policy had been paid into the hands of Castle & Cooke, the Insurance Company's agents, which firm was composed of the defendants, Castle, Atherton and G. P. Castle, and the parties submitted the following questions of law to the Court: "Is the adoption agreement valid in law ? And under the same, is the said James Gilbert Dwight entitled to a like share with any surviving child or children of the said C. W. Clark, born in lawful wedlock ? "

## By the Court.

It appears by the adoption agreement annexed to the submission, that it was acknowledged by C. W. Clark and Harriet Dwight before the Chief Justice on the third day of August, 1883, but was not recorded until the ninth day of December, 1887, after the death of C. W. Clark.

It is contended on behalf of the defendants, that the agreement is not valid on the ground that it was not recorded during the lifetime of the said C. W. Clark.

Section 1263 of the Civil Code provides that, among other documents therein mentioned, "agreements of adoption shall, in order to their validity, be recorded in the office of the Registrar

of Conveyances, in default of which no such instrument shall be binding to the detriment of third parties, or conclusive upon their rights and interests."

We think that the contention made by the counsel on behalf of the defendants is a sound one, and therefore declare that the agreement of adoption referred to in the submission, not having been recorded during the lifetime of the said C. W. Clark, is invalid in law, and consequently the plaintiff J. G. Dwight is not entitled, as one of the "surviving children" of C. W. Clark, to any share in the said insurance money.

Having thus decided that the adoption is invalid, it is unnecessary to pass upon the other points raised by counsel for the parties.

Judgment must be entered for the defendants, with costs.

*A. C. Smith*, for plaintiffs.

*A. Rosa*, for defendants.