## W. W. WRIGHT *v.* A. M. BROWN.

APPEAL FROM DISTRICT COURT OF HONOLULU.

SUBMITTED MARCH 30, 1898.          DECIDED APRIL 29, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

Sec. 1430, Civ. L., which requires an appellant to "deposit a sufficient bond," &c., does not require the bond to be signed by the appellant himself.

Sec. 1459, Civ. L., which provides that no appeal shall be dismissed for insufficiency of the appeal bond unless upon neglect to comply with an order of a Judge directing an amendment, would apply where the bond was not signed by the appellant himself, if his signature were necesary.

Sec. 1853, Civ. L., which provides that unrecorded chattel mortgages shall not "be binding to the detriment of third parties, or conclusive upon their rights and interests" does not protect mere strangers or trespassers.

OPINION OF THE COURT BY FREAR, J.

This is replevin for a wagon, horse and harness valued at $200. The case comes here on appeal on points of law from the District Court of Honolulu, where judgment was rendered for the plaintiff.

A preliminary question was raised by a motion to dismiss the appeal on the ground that the defendant had not executed the appeal bond. Two other persons had executed it. The statute (Civ. L. Sec. 1430) requires the appellant to "deposit a sufficient bond," &c. The appellant did deposit a sufficient bond. The statute does not require him to sign it himself. See

*Drouilhat v. Bottner*, 13 Or. 493; *Lindsay v. Price*, 33 Tex. 280; *Johnson v. Johnson*, 31 Oh. St. 134; *Dahl. v. Tibballs*, 5 Wash. 261. Even if it were necessary for the appellant to join in the bond, the failure to do so could not be taken advantage of on a motion to dismiss the appeal now; for (Civ. L. Sec. 1459) "No bill of exceptions or appeal shall be dismissed for any informality or insufficiency of any bond, unless upon neglect of the party filing such bond to comply with an order of a Judge directing an amendment of such bond after a reasonable time of not less than 24 hours, which shall be given for such purpose." No such order has been made in this case. See *Dahl v. Tibballs, supra,* and *Town v. Snyder,* 78 Ill. 519.

Now as to the merits. The evidence shows that plaintiff owned these chattels; that he sold them to one Cross who paid $25 on account; that Cross executed a bill of sale of them back to plaintiff in consideration of $158 due for the wagon and for moneys advanced by plaintiff in excess of wages. There were three witnesses—plaintiff, his son and Cross. These all testify that the understanding was that the title was to remain in plaintiff until the chattels were paid for, Cross meanwhile to have only the possession. Cross says also that he gave the bill of sale as security because he was not a well man. Defendant put on no evidence.

Defendant contends that the bill of sale from Cross to plaintiff, although absolute on its face, is shown by the evidence to have been intended as a mortgage and is therefore void as to third parties because not recorded. Civ. L., Sec. 1853; *Ellis v. White,* 3 Haw. 205; *Leneham v. Akana,* 6 Haw. 538; *Black v. Castle,* 7 Haw. 273; Jones, Ch. Mtgs. Sec. 275. He contends also that the evidence as a whole shows that the sale from plaintiff to Cross, was in fact an absolute sale, not a conditional sale as testified to; or, if it were a conditional sale as between the parties yet as to third parties the condition that the title should remain in the plaintiff until payment, should be considered as made merely as security and therefore as in the nature of a mortgage within the policy of the statute and therefore void. 3 Ency. of Law, 437 note; *Fosdick v. Schall,* 99 U. S. 235.

Let us assume that these contentions are correct. The question would still remain whether the defendant is a "third party" within the meaning of the statute. It is not disputed that the plaintiff would be entitled to possession but for the fact that the alleged mortgage or mortgages were unrecorded. It does not appear under what claim or in what capacity the defendant held the chattels. He was and is the Marshal and we understand outside the record that he held the goods on execution against the property of Cross, but for the purposes of this case he is to be considered a mere stranger or trespasser. It is true the plaintiff must recover on the strength of his own title and not on the weakness of the defendant's title. But the plaintiff has shown title and the defendant has shown no title. The question is merely whether the plaintiff's title must be considered void as to the defendant under the statute because the mortgage was unrecorded, in other words, is a mere stranger or trespasser a "third party" within the meaning of the statute? The statute provides that chattel mortgages shall be recorded, &c., "in default of which no such instrument shall be binding to the detriment of third parties, or conclusive upon their rights and interests." Civ. L., Sec. 1853. It is evident that this statute was enacted for the protection of persons who had "rights" or "interests" in the property and not for the benefit of mere strangers or trespassers. *Pratt v. Harlow*, 16 Gray 379; *Johnson v. Jeffries*, 30 Mo. 423; see also *Fosdick v. Schall, supra.*

The judgment appealed from is affirmed.

*J. T. De Bolt* for plaintiff,

*L. A. Dickey* for defendant.