# T. K. LALAKEA *v.* THE HILO SUGAR COMPANY, LIMITED.

### EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED FEBRUARY 1, 1904.    DECIDED APRIL 19, 1904.

### FREAR, C.J., GALBRAITH AND PERRY, JJ.

An unrecorded chattel mortgage is not valid or binding to the detriment of third parties.

The registry of a chattel mortgage not entitled to be recorded is a nullity.

Actual knowledge of the existence of a chattel mortgage is not a substitute for recording.

It is a prerequisite to the valid registry of a chattel mortgage that the acknowledging officer endorse on such mortgage a certificate of the fact of acknowledgment.

A certificate that on a day named "personally appeared before me Chan Choon and Sing Kee, known to me to be the persons described in, and who executed the foregoing instrument, who executed the same freely and voluntarily and for the uses and purposes therein set forth", does not state the fact of acknowledgment and is for that reason insufficient and invalid.

Testimony of the acknowledging officer to the effect that the parties did in fact acknowledge before him the execution of the instrument can not cure the defect and is inadmissible to aid the certificate and to support the validity of the registry and mortgage.

### OPINION OF THE COURT BY PERRY, J.

### (Galbraith, J., dissenting.)

Kanehoa (w), the owner of 4.36 acres of land described in R. P. 953, on May 10, 1898, leased to one Sing Kee a portion of the same containing an area of three acres for the period of ten

years from June 1, 1898. On August 18, 1899, Sing Kee and one Chan Choon, the latter evidently a partner, executed to one W. D. Schmidt, to secure payment of a note for $250, a mortgage of the cane growing upon the three acre tract, which mortgage was recorded on August 21, 1899. On December 14, 1899, Chan Choon who, it seems, had acquired all of Sing Kee's interest in the land and cane, gave T. K. Lalakea, the plaintiff, a mortgage on his interest in the land and on the growing cane as security for a note for $300. Chan Choon abandoned the premises and left the Territory in August, 1900, and has not been heard of since by the lessors. At the time of the abandonment, six months rent was due and unpaid. One Kapu, who had acquired the land by deed from Kanehoa in 1899, entered and took possession in September, 1900, claiming a forfeiture of the lease, and on the 28th of the same month executed to the plaintiff a lease of the same land for the term of five years from the first of October following. The plaintiff also claims that on the 27th of September he entered and took possession under the provision of his mortgage authorizing such entry in the event of the mortgagee's having reason to fear that the security was in danger of becoming lessened or taken for distress for rent. Schmidt, without entering, foreclosed his mortgage by publication of notice, commencing with September 22, 1900, and sale, the latter taking place on October 13, 1900. The defendant claims to have bought the cane from the purchaser at this foreclosure sale. The present action is for the value of the cane so taken by the defendant, the plaintiff alleging in his declaration that the cane was sold and delivered by him to the defendant. The judgment for the defendant was based wholly upon the view that the Schmidt mortgage and the foreclosure proceedings thereunder were valid and that the defendant acquired title to the cane not from the plaintiff but through the foreclosure sale.

Plaintiff's exceptions present a number of questions concerning the validity of the Schmidt mortgage and of the foreclosure proceedings, but of these one only need be considered and that is whether the mortgage was legally recorded.

"To entitle any conveyance *or other instrument* to be record-
ed, it shall be acknowledged by the party  *  *  *  executing
the same, before the Registrar of Conveyances, or his agent, or
some judge of a Court of Record, or notary public of this Ter-
ritory, or some notary public or judge of a Court of Record in
any foreign country.  *  *  *"—C.L., §1839.  This description
of the class of instruments to which the provision is intended to
apply is so clear that we shall not attempt any improvement of
it.  It applies to the chattel mortgage under consideration as
well as to any deed or other instrument.  But not only must an
instrument be acknowledged before it can be lawfully recorded
but it must also be endorsed with a certificate of such acknowl-
edgment signed by the officer who took it.  "Every officer who
shall take the acknowledgment or proof of *any* instrument"
(again the description plainly including chattel mortgages),
"shall endorse a certificate thereof, signed by himself, on the
instrument."—C.L., §1847.  *"Every* conveyance *or other in-
strument,* stamped and acknowledged or proved, *and certified*
in the manner hereinbefore prescribed, by any of the officers
before named, may be read in evidence without further proof
thereof, and shall be entitled to be recorded."—C.L., §1848.

What are the requirements of a valid certificate of acknowl-
edgment?  One requisite, the only one that need be here consid-
ered, is that it shall state *the fact of acknowledgment.*  Sec. 1831
which provides that "the certificate of acknowledgment shall
state the fact of acknowledgment" may be assumed to refer only
to instruments affecting real estate, as is contended by the de-
fendant.  Sec. 1847 (Sec. 1257 of the Civil Code of 1859) con-
tains substantially the same provision in its requirement that
"every officer who shall take the acknowledgment or proof of *any*
instrument, shall endorse a certificate *thereof,* signed by himself,
on the instrument."  This section beyond question applies to
chattel mortgages as well as to other instruments.  The language
is not less clear as to what it is that shall be certified to.  It is
the fact that acknowledgment or proof, as the case may be, was
made to the officer.  The use of the word "thereof" shows this.

The certificate of acknowledgment endorsed on the Schmidt mortgage reads as follows: "Republic of Hawaii, Island of Hawaii, ss. On this 18th day of August, A. D. 1899, personally appeared before me Chan Choon and Sing Kee, known to me to be the persons described in, and who executed the foregoing instrument who executed the same freely and voluntarily and for the uses and purposes therein set forth." (Signed) "W. S. Wise, Notary Public, Fourth Circuit, Republic of Hawaii." In our opinion, this certificate does not meet the requirements of the statute, not because the word "acknowledged" does not appear in it, but because neither by the use of that word nor in any word or words of equivalent import is the fact of acknowledgment stated. Even if, as has been held in some cases, in aid of a certificate reference may be had to the instrument itself or to any part of it, the defect in this instance cannot be so supplied, for there is nothing in the mortgage throwing light on the subject. It is, doubtless, "the policy of the law to uphold certificates when substance is found, and not to suffer conveyances, or the proof of them, to be defeated by technical or unsubstantial objections." (*Carpenter v. Dexter,* 75 U. S. 513, 526, and *Kelley v. Calhoun,* 95 U. S. 710, 713,) but in this case substance is lacking. It is contended that the words "acknowledged to me that they" should be read as though they were written between the words "who" and "executed the same", but from what is written it is not a necessary inference that the officer intended to so certify or that the parties did so acknowledge. The words "are known to me to have", or the words "of my own knowledge", or the words "as I infer and verily believe from what I saw", may with equal propriety and with equal assurance that they correctly state the facts be inserted or understood. The certificate is not upon its face incomplete. The officer certifies that the parties did execute the instrumen freely, but upon what he bases that assertion, whether upon the acknowledgment of the parties or upon information received from others or upon what he himself saw at the time of the execution of the instrument, he does not say. His certificate is entirely consistent with the

theory that neither of the parties acknowledged the instrument before him.

Cases have been cited in which defective certificates have been upheld but it will be found upon examination that in most of them the certificate, read by itself or with the aid of the instrument, stated in words of equivalent import or in substance the facts required by the statute to be stated, as, for example, in *Chouteau v. Allen,* 70 Mo. 290, 298, 324, in which "acknowledge" was not used, and "being duly sworn, deposes and says" were held to be words of equivalent import; or an omitted word was supplied by necessary intendment or inference, the certificate admitting of but one construction and being, even as it stood, sufficiently full and clear to convey the required meaning, as, for example, in *Talbert v. Dull,* 70 Tex. 675, 677, 678, where, the certificate being that T., "one of the above subscribing witnesses, who, being duly sworn, in due and solemn form, that he himself, with Andrew J. F. Phelan, signed as witnesses when William Richardson signed and acknowledged the foregoing instrument of writing for the purposes therein set forth", the word "says" or "said" or some word of equivalent import was held to have been omitted and the certificate was held to sufficiently show that there had been a compliance with the statutory requirement that "one of the witnesses of the number required by law shall swear to the signature of the signer." In *Bashor v. Stewart,* 54' M'd. 376 (25 Alb. L. J. 16), the certificate was, "personally appeared W. S., he being known to me to be the person who is named and described as and professing to be the attorney named in the letter, or power of attorney contained in the foregoing mortgage or instrument of *writing,* to be the act and deed of the Maryland Inebriate Asylum, the party of the first part thereto", omitting after the word "writing" the words "and acknowledged the said mortgage". The court held the omission not fatal, that the words had been omitted by mere clerical misprision and "were supplied by the context with positive certainty" and that "what might be fairly and clearly understood or implied in reading the acknowledg-

ment in connection with the deed was of the same effect as if it had been in terms expressed." It is at least doubtful if the facts satisfied the requirements of the rule purported to be followed by the court. The decision has been adversely criticised and has been said not to state the law outside of the State in which it was rendered if it goes to the extent of holding that a certificate may be sufficient when it omits to state that the grantor acknowledged the deed. See 1 Dev. Deeds, §§525, 526. The same is true, to a certain extent, of *H. L. & I. Co. v. Kerrigan,* 31 N. J. L. 13, 14, and *Jackson v. Gilchrist,* 15 Johns. 88, 108, 110, although it may be added that in these cases the fact that the deeds were respectively eighty and one hundred and seven years old had weight with the court.

On the other hand, many cases are to be found which support the view taken by us of the certificate under consideration. In *Stanton v. Button,* 2 Conn. 527, 528, the certificate was: "Personally appeared A. B. signer of the above instrument,

to be his free act and deed, before me, C. D. Justice of Peace." This was held insufficient, the court saying: "A court cannot, by intendment or construction, fill a blank, or supply a word. They can only decide on the meaning and import of the words made use of. Here the words made use of can only import, that the person appearing before the justice of the peace, was the signer and sealer of the deed: they do not import that he *acknowledged* it, nor are they equivalent to such word." A case very much like that at bar is *Bryan v. Ramirez,* 8 Cal. 462, 466, in which the certificate read: "On this twenty-seventh day of July, A. D. one thousand eight hundred and fifty, personally appeared before me, a notary public in and for said county, Joseph W. Finley, known to me to be the person described in, and who executed the same freely and voluntarily, for the uses and purposes therein mentioned." The statutory requirement that the certificate "shall state the fact of acknowledgment", was held not to have been complied with. "The certificate in this case simply states that the person was known to the officer to be the person who executed the mortgage, freely and volun-

tarily, for the uses and purposes therein mentioned. The officer states his knowledge of the manner in which the instrument was executed, but does not state 'the fact of the acknowledgment'." To the same effect are *Wolf v. Fogarty,* 6 Cal. 224, *Cabell v. Grubbs,* 48 Mo. 353, and *McDaniel v. Needham,* 61 Tex. 269. See also 1 Dev. Deeds, §§511, 517, 521, 522, 525, 526.

At the trial the notary was permitted, without objection, to testify that he had in fact taken the acknowledgment of the parties. This testimony cannot cure the defect. If the only requisite prescribed by the statute to a valid registry had been that the instrument was in fact acknowledged, the evidence might be material, but, as above stated, there is another essential and that is that the fact of acknowledgment be certified by endorsement on the instrument.

The alleged certificate being insufficient and invalid, the mortgage was not entitled to be recorded and its attempted registry must be regarded as a nullity. See *Lenahan v. Akana,* 6 Haw. 538, 541. Recorded was essential to validity and in default of such registry, the mortgage was invalid and not binding to the detriment of third parties. The statute so declares, expressly. C.L., §1853. *Ellis v. White,* 3 Haw. 205; *Lenahan v. Akana, supra.* Actual knowledge, if any, of this mortgage on the part of the subsequent mortgagee, the plaintiff, could not take the place of recording and did not give the first mortgage validity. It was, at best, notice of the existence of a void mortgage. *Ib.*

It may be assumed for present purposes, without so deciding, that the plaintiff's mortgage likewise was invalid, because it was not recorded, and that the defendant may take advantage of such invalidity. The plaintiff's claim of title is not based solely upon his mortgage. It is also based upon the lease from Kapu. No findings were made by the trial judge on the questions of fact involved in a determination of this latter claim, such findings, apparently, being deemed unnecessary in view of the ruling that the Schmidt mortgage was valid. It is not for this Court to

make the findings in the first instance. We cannot say that the error in the ruling just referred to was not prejudicial.

The exceptions are sustained, the judgment set aside and a new trial ordered.

*Smith & Parsons* for plaintiff.

*Wise & Ross* for defendant.

### DISSENTING OPINION BY GALBRAITH, J.

The plaintiff's right to maintain this action depends upon his title to the cane, the value of which is the subject of the suit. So far as the record shows his only serious claim to title is through possession taken by virtue of an unrecorded second chattel mortgage not followed by foreclosure proceeding. If as is found by the court recording is necessary to the validity of a chattel mortgage the plaintiff could have acquired no title to the property in the manner claimed and has no standing in court and his exceptions should be overruled.

The sections of the statute prescribing a form of certificate and what the same shall contain refer primarily to deeds, mortgages and instruments affecting real estate and do not in terms refer to chattel mortgages. *Lenehan v. Akana,* 6 Haw. 538, 540. There is no form set out in the statute for the certificate of acknowledgment for chattel mortgages but Section 1839 provides that to entitle any conveyance or other instrument to record it shall be acknowledged but this section also provides for the record of instruments that have not been acknowledged. And thus refutes the claim that none but duly acknowledged and certified instruments are entitled to record.

It appears that the notary who made the certificate testified at the hearing, without objection, that he prepared the mortgage and that it was signed by the mortgagors in his presence and that they each acknowledged it to be their free and voluntary act and deed.

This testimony, under the weight of authority, was incompetent and should have been excluded on objection or stricken out on motion but no objection was made to the admission of

the evidence and no motion was made to strike it out after it had been admitted. It was before the trial court and is before this court. The testimony being uncontradicted and containing the elements of probability would under ordinary circumstances be taken as proving the fact to which it relates, namely, the "fact of acknowledgment", as an independent fact. Is there any reason why that fact may not be accepted as established in this case? This would at least avoid the paradox involved in the conclusion that the mortgage was void because not recorded although we know that it was spread upon the records. May we not proceed in the light of the fact that the mortgage was acknowledged but that there was some irregularity in certifying that fact and determine whether or not such irregularity shall be held to defeat the mortgage? From this view the inference is justifiable that the defect in the certificate of acknowledgment resulted from mistake or inadvertance.

The certificate endorsed on this mortgage, omitting the caption, is as follows:

"On this 18th day of August, A. D. 1899, personally appeared before me Chan Choon and Sing Lee, known to me to be the persons described in, and who executed the foregoing instrument who executed the same freely and voluntarily and for the uses and purposes therein expressed." The certificate is properly signed by the Notary Public and attested by his seal. The Registrar's certificate of registration is dated August 21, 1899.

The notary certifies in this certificate, (1) that the mortgagors personally appeared before him, (2) that he knew them to be the same persons described in and who executed the mortgage, (3) that these identical persons executed the mortgage freely and voluntarily for the uses and purposes therein expressed. If the notary had inserted in the proper place in the certificate the word "acknowledged" or in other words had certified the manner or how he came possessed with the information that enabled him to certify that the mortgagors "executed" the instrument the certificate would be in the usual form and not subject to criticism. Now does the omission of the word ac-

knowledged render the certificate useless and the mortgage void. The notary certifies to the ultimate fact, the execution, but omits the evidence or source of the knowledge which enabled him to certify that fact. I submit that he could only certify that fact from personal knowledge and that this personal knowledge could only have been obtained from the parties themselves, by their admission or acknowledgment. I insist that the certificate contains the essential elements and ought to be held sufficient, especially in view of the finding of the trial court, namely, that the plaintiff had actual knowledge of this mortgage.

Even where a form of certificate is prescribed by statute a substantial compliance with the form is all that is required. Dev. Deeds, §§525, 526, and cases cited in note.

"It is the policy of the law to uphold certificates when substance is found and not to suffer conveyances or the proof of them, to be defeated by technical or unsubstantial objections." *Carpenter v. Dexter,* 75 U. S. 513, 526.

"Instruments like this should be construed, if it can be reasonably done, *ut res magis valeat quam pereat.* It should be the aim of courts, in cases like this, to preserve and not to destroy. Sir Matthew Hale said they should be astute to find means to make facts effectual according to the honest intent of the parties." *Kelley v. Calhoun,* 95 U. S. 710, 713.

"The rule is certainly well settled that a defective acknowledgment cannot be taken advantage of by parties having actual knowledge of the existence of the deed or mortgage." (Citing Hilliard on Real Property, 675, Sec. 36); *Johnson v. Badger M. & M. Co.* 13 Nev. 351, 355.

Again I am not willing to assent to the construction that has been placed on Section 1853 by the court in this case, namely, that it renders an unrecorded chattel mortgage absolutely void as to every one without regard to their rights or interest in the mortgaged property. This decision, as I understand it, is directly contrary to a prior decision of this court construing that section, namely, *Wright v. Brown,* 11 Haw. 401, 403, holding that a sheriff in possession of mortgaged chattels under an execution was not a "third party" within the meaning of this stat-

ute and therefore could not resist the title of a mortgagee claiming under an unrecorded chattel mortgage.

It certainly could not have been the intention of the legislature to declare an unrecorded mortgage void between the parties or as between the parties and others without interest in the property or between a first and second mortgagee, the latter having notice of the first mortgage. The legislators are presumed to have known that the object of recording instruments is to give notice and that notice may be given aside from the record and that the notice given by one method is just as effective as the other and ought not to be held, in the absence of plain words to that effect, to have intended by this statute to make recording the exclusive method of giving notice of the existence of chattel mortgages, etc. While the statute is not happily worded I am inclined to think that it was not intended to do more than is accomplished by most statutes providing for the registration of written instruments, namely, to provide that the interest of no one in property should be prejudiced by an unrecorded instrument of which he had no actual notice.