## E. N. HOLMES *v.* J. G. SERRAO.

Exceptions from Circuit Court, Fourth Circuit.

Submitted October 16, 1906.    Decided October 22, 1906.

Frear, C.J., Hartwell and Wilder, JJ.

UNRECORDED POWER OF ATTORNEY TO CONVEY REAL ESTATE—*not valid as to third parties.*

An unrecorded power of attorney for the transfer of real estate is not valid or binding to the detriment of third parties even though the latter have actual knowledge of it.

OPINION OF THE COURT BY FREAR, C.J.

The plaintiff attached the land in question in an action of assumpsit against one Jardine and after obtaining judgment purchased the land at a sale upon execution issued in that action. He then brought this action of ejectment for the land against the present defendant, who claimed under a deed executed prior to the attachment by one Margarefe acting

under an unrecorded power of attorney from Jardine. The only question raised on these exceptions, which are brought by the defendant, is whether the trial judge correctly instructed the jury to the effect that an unrecorded power of attorney for the transfer of real estate is invalid and not binding to the detriment of third parties and that actual knowledge, if any, of the power of attorney on the part of the third party who is sought to be bound—in this case the plaintiff—is not the equivalent of recording.

The statute (R. L., Sec. 2381) provides:

"All mortgages of chattel property, indentures of apprenticeship, articles of marriage settlement, powers of attorney for the transfer of real estate within this Territory, and agreements of adoption, shall, in order to their validity, be recorded in the office of the registrar of conveyances, in default of which no such instrument shall be binding to the detriment of third parties, or conclusive upon their rights and interests."

The instructions complained of were in line with the decision in *Lalakea v. Hilo Sugar Co.*, 15 Haw. 570, in which the court, speaking of a chattel mortgage, which was the instrument involved in that case and belonged to one of the classes of instruments covered by the statute, said:

"Recording was essential to validity and in default of such registry, the mortgage was invalid and not binding to the detriment of third parties. The statute so declares, expressly. * * * Actual knowledge, if any, of this mortgage on the part of the subsequent mortgagee, the plaintiff, could not take the place of recording and did not give the first mortgage validity. It was, at best, notice of the existence of a void mortgage."

It is contended, however, that that decision should be reversed, the argument being, in substance, that the court in that case was careless in the use of its language and regarded the instrument as absolutely void although the statute recognizes its validity for some purposes—for instance, as between the parties to it and as against mere trespassers or strangers, as held in *Wright v. Brown*, 11 Haw. 401; and that the statute may well be construed as not invalidating the instrument as against

third parties who have knowledge of it, for the reasons that in such case it would not be to the "detriment" of such persons, and that to hold it valid in such case would not contravene the main purpose of recording acts, which is to prevent fraud, and that the statute, by providing that the unrecorded instruments enumerated should not be "conclusive" upon the rights and interests of third parties, implies that under some circumstances the rights of third persons might be affected.

There is nothing in the *Lalakea* case to show that the question was not carefully considered or that the court took the view that the statute made the instrument void for all purposes. The decision in that case moreover was based on earlier cases to the same effect relating to chattel mortgages. *Ellis v. White,* 3 Haw. 205; *Leneham v. Akana,* 6 Haw. 538. The same view had been taken also in a case relating to articles of adoption, which also fall within this statute. *Black v. Castle,* 7 Haw. 273. There was nothing in *Wright v. Brown, supra,* against that view; on the contrary the earlier cases were cited and the decision was made on the assumption that they were decided correctly. No sufficient reason appears for overruling this long line of decisions affecting important personal and property rights or even for questioning their correctness.

The exceptions are overruled.

*Carl S. Smith* for plaintiff.

*W. S. Wise* and *R. W. Breckons* for defendant.