# IN THE MATTER OF THE APPLICATION OF MAKA WIKOLI FOR A WRIT OF HABEAS CORPUS FOR ONE AH FAN.

## No. 916.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

HON. C. W. ASHFORD, JUDGE.

ARGUED APRIL 6, 1916.                    DECIDED APRIL 11, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

ADOPTION—*effect of not recording agreement—guardianship.*

An agreement of adoption which was executed before but not recorded until after a guardian had been appointed for the child, held, under R. L. 1915, Sec. 3119, to be ineffective as against the guardian's right to the custody of the child.

OPINION OF THE COURT BY ROBERTSON, C. J.

This is an appeal from a judgment of a judge of the first circuit court dismissing a writ of *habeas corpus* previously issued by him upon the petition of one Maka Wikoli. The respondent is one Ah Ping, and the proceeding involves the right to the custody of a boy six or seven years of age named Ah Fan (alias Ah Fon) of whom the petitioner is the maternal grandmother and the respondent a cousin.

The material facts shown by the record are as follows: On June 17, 1913, one C. Ah Chew, the father of the child in question, the mother having previously died, executed at Lahaina, Maui, an instrument claimed to be, and held by the circuit judge to be, an agreement of adoption giving the child to said Ah Ping; the instrument was signed and acknowledged by Ah Chew and Ah Ping, but was not recorded until the 5th day of August, 1915; Ah Ping, a resident of Kipahulu, Maui, had gone to Lahaina at Ah Chew's

request; Ah Chew died soon after the date of the execution of the agreement; in May, 1915, the petitioner, who lives in Honolulu, went to Kipahulu and found the child in the custody of one Wailehua, who claimed to have a right to its custody, though she did not ascertain the nature of the right claimed; on July 27, 1915, the petitioner was appointed guardian of the person and property of the child by the judge of the circuit court of the second circuit; on August 2 she went again to Kipahulu and finding the child in the custody of the respondent, exhibited to him her letters of guardianship, but he refused to surrender the child; and on August 27 the petitioner applied for and obtained the writ of *habeas corpus.* The whereabouts of the boy between the date of the agreement of adoption and May 1915, when he is shown to have been with Wailehua at Kipahulu, did not appear in evidence. The petitioner claims under her appointment as guardian while the respondent claims under the agreement of adoption.

Counsel for the appellant contends that the agreement of adoption is of no validity as against the appellant because it was not recorded until after her appointment as guardian; under section 3119 of the Revised Laws which provides that "All * * * agreements of adoption shall be recorded in the office of the registrar of conveyances in default of which no such instrument shall be binding to the detriment of third parties and conclusive upon their rights and interests."

The circuit judge held, and counsel for the respondent claim, that as no property rights are involved the petitioner is not a "third party" within the meaning of the statute. It is also argued that the respondent, by virtue of the adoption, stands in the shoes of the child's father (R. L. 1915, Sec. 2994) and that under section 3018 of the Revised Laws, as between the father and the guardian of an infant, the former is "entitled to the custody of the person of the minor, and to the care of his education."

"A statutory requirement that instruments of adoption must be recorded is to be regarded as mandatory, and the adoption is not consummated until the instrument is properly recorded." 1 C. J. 1382. In *Abenela* v. *Kailikole,* 2 Haw. 660, it was held that an unrecorded agreement of adoption was of no validity. But at that time the statute provided that such agreements, unless in writing and duly recorded, "shall be void and of no effect." In *Black* v. *Castle,* 7 Haw. 273, under a statute similar to the present one, it was held that an adopted child could not take insurance money payable to the "surviving children" of the insurer as the agreement of adoption was not recorded until after the death of the insurer. There property rights of other children had intervened. In *Wright* v. *Brown,* 11 Haw. 401, 403, a case involving an unrecorded chattel mortgage and decided at a time when such mortgages were included in the statute relating to articles of adoption, it was said that "It is evident that this statute was enacted for the protection of persons who had 'rights' or 'interests' in the property and not for the benefit of mere strangers or trespassers." That case undoubtedly expressed the correct view of the statute with reference to chattel mortgages, but a guardianship involves the right to the custody and control of the ward, as well as possible property rights, and we find no warrant in the statute for holding that a duly appointed guardian is not a "third party" under its provisions when only personal rights are at stake. The statute says that "no such instrument shall be binding to the detriment of third parties and conclusive upon their rights and interests," and we do not feel at liberty to hold that so far as guardians are concerned the statute is operative only as to property rights or interests. We hold, therefore, that the agreement of adoption in this case was not binding as against the guardian's right to the custody of the child because it was not recorded until after that right had accrued.

The circuit judge having held that the agreement of adoption was effective against the petitioner, and that the respondent should be regarded as the father of the child, expressed the view that the appointment of the guardian was invalid in the absence of notice to him of the proceeding, citing Woerner, Am. Law of Guardianship, 95, and other authorities. But, as under our view, the agreement of adoption did not have that effect, the respondent was not in the position of a father at the time of the proceeding for the appointment of a guardian, and, hence, was not entitled to notice. "In the absence of any statutory requirement notice is not required to be served on any person." 21 Cyc. 39, and cases there cited. Our statute (R. L. 1915, Chap. 173) contains no requirement as to notice to parents, but as by virtue of section 2993 of the Revised Laws, the father is the natural guardian of the persons and property of his minor children, and as by section 3018 the father, or, if he be dead, the mother while unmarried, is entitled to the custody of the children, presumably he or she would be entitled to notice of a proceeding for the appointment of some one else as guardian over a child of theirs. That is a matter not involved here.

We have assumed that the agreement of adoption in this case is in proper form. There may, perhaps, be room for a contention that it was nothing more than an agreement to adopt the child, the language being, "that the said party of the second part *shall* adopt the said child," etc., but as no point as to this has been made by the appellant we express no opinion upon it.

The judgment appealed from is set aside and the case is remanded to the circuit judge with direction to enter judgment awarding the custody of the child to the petitioner.

*W. W. Thayer* for petitioner.

*R. J. O'Brien* .(*E. C. Peters* with him on the brief) for respondent.